**In re OHIO BUILDERS & MILLING, Inc.**

**JONES v. The WAYNESBURG BANK.**

**No. 9016.**

Circuit Court of Appeals, Sixth Circuit.

May 18, 1942.

Maurice Wendling, of Canton, Ohio, for appellant.

Charles S. Weintraub, of Canton, Ohio (Charles S. Weintraub and Harvey H. Creighton, both of Canton, Ohio, on the brief), for appellee.

Before SIMONS and McALLISTER, Circuit Judges, and SWINFORD, District Judge.

SWINFORD, District Judge.

Ohio Builders & Milling, Incorporated, instituted proceedings under the provisions of Chapter XI of the Act of Congress relating to bankruptcy and known as the Chandler Act. Bankruptcy Act, § 301 et seq., 11 U.S.C.A. § 701 et seq. On November 28, 1939, an order was entered finally confirming the arrangement. The plan contained the following provision: "The claims of the United States shall have the same priority and preference over claims of other creditors of the debtor, with respect to the assets thereof, as would lie against the assets of the debtor, or the trustees or receivers thereof, had these proceedings not intervened, and the United States of America is hereby granted the same remedies against the debtor and its assets with regard to the collection of such liabilities as it had against the debtor. All statutes of limitation upon the collection of such claims shall be suspended during the time these proceedings are pending. Subject to its approval the Court shall retain jurisdiction over the assets herein dealt with and over any and all persons, firms or corporations to whom said assets may be transferred, and over all parties appearing herein for the purpose of carrying out and giving effect to any and all provisions of the Plan and the decree confirming the same."

The debtor remained in possession of its property and proceeded with the conduct of its business.

On January 8, 1940, it borrowed $5,000 from the appellee for which it executed its promissory note. To secure this note

it simultaneously executed a mortgage upon its real and personal property. The money acquired was for the use and benefit of the corporation and was expended in the normal course of its business. This transaction between Ohio Builders & Milling, Incorporated, and the appellee was with knowledge on the part of appellee of the court proceedings but without the approval or order of the court.

On May 29, 1940, a motion was filed to have the corporation adjudged a bankrupt and on June 10, 1940, an adjudication was had and a trustee was appointed and qualified.

The trustee in bankruptcy, appellant here, attacks the validity of the mortgage. The lower court held that the mortgage was valid.

Section 357 of Chapter XI, 11 U.S.C.A. § 757, states:

"An arrangement within the meaning of this chapter may include—* * *

"(7) provisions for retention of jurisdiction by the court until provisions of the arrangement, after its confirmation, have been performed; * * *."

Section 368 of Chapter XI makes the further provision that the court shall retain jurisdiction if so provided in the arrangement. 11 U.S.C.A. § 768.

These sections make it clear that the statute contemplates that retention of jurisdiction, whether general or limited may be stated either in the plan or in the order confirming the plan.

It appears from the record that when the plan was first filed with the court no provision was made for a retention of jurisdiction. This seems to be one of the reasons the amended plan was offered to the court. Clearly the court for reasons best known to it at the time and in order to fulfill its obligation to the debtor and creditors deemed it wise to retain a general jurisdiction of the proceeding. Certainly no encumbrance could be put upon the assets of the debtor without the court's approval.

The Bankruptcy Act contemplated the possible necessity of securing funds in order to carry out the plan. Section 344 is as follows: "During the pendency of a proceeding for an arrangement, or after the confirmation of the arrangement where the court has retained jurisdiction, the court may upon cause shown authorize the receiver or trustee, or the debtor in possession, to issue certificates of indebtedness for cash, property, or other consideration approved by the court, upon such terms and conditions and with such security and priority in payment over existing obligations as in the particular case may be equitable."

Since the plan as amended provided for the retention by the court of general jurisdiction and the creditor had actual notice of the pendency of the proceedings we must conclude that the mortgage is invalid, as a secured claim against the assets of the bankrupt.

Judgment reversed.