**In the Matter of Walter MISKE, Jr., Bankrupt.**

**No. 55–B–1076.**

United States District Court
E. D. Wisconsin.

March 14, 1958.

678

James E. McCarty, Milwaukee, Wis., Referee in Bankruptcy, Daniel W. Howard, Milwaukee, Wis., Trustee in Bankruptcy, John J. Burke, Milwaukee, Wis., for Trustee.

Earl L. Meixner and Nohl, Petrie, Stocking & Meixner, Milwaukee, Wis., for Roth Appliance Distributors, Inc.

Jack L. Goodsitt, Milwaukee, Wis., for Bankrupt.

GRUBB, District Judge.

This matter is before the court on petition of the trustee in bankruptcy for a review of an order of the Referee in Bankruptcy, dated June 11, 1957, granting the petition of Roth Appliance Distributors, Inc., hereinafter referred to as "Roth", to reclaim certain merchandise in the possession of the trustee.

On December 23, 1955, Walter Miske, Jr., filed an original petition and proposed arrangement under Chapter XI of the Bankruptcy Act. No receiver or trustee was appointed and Miske continued in possession of his property pursuant to the provisions of 11 U.S.C.A. § 742 (§ 342 Bankruptcy Act). Subsequently an amended arrangement was filed, accepted, and confirmed by the Referee on March 2, 1956. The amended arrangement provided, among other things:

"1. Petitioner to remain in possession and control of business, and is to be allowed limited credit in time and amount by creditors subject to periodic audit and approval of the Court.

"4. Federal Court to retain jurisdiction until plan is fully executed or for such reasonable time as is necessary for the petitioner to demonstrate that the plan will be successfully executed."

Miske, after making the initial payment provided for by the amended arrangement, defaulted, and was thereafter, on November 30, 1956, duly adjudicated a bankrupt pursuant to 11 U.S. C.A. § 777, sub. 2 (§ 377, sub. 2 of the Bankruptcy Act).

Subsequent to the confirmation of the plan, and before the adjudication, Roth delivered the following items of merchandise to Miske at his store: On April 9, 1956, a Norge refrigerator. On April 11, 1956, a Norge refrigerator. On October 19, 1956, a Norge washer.

Miske had possession and had the right to sell the merchandise, although as between Miske and Roth, the oral agreement was that the title was to remain in Roth. No papers were filed as provided by § 241.26, Wis.Stats.

These items were in Miske's possession and on the floor of his store at the time

he was adjudicated a bankrupt. The trustee in bankruptcy took possession of the goods in question. Roth filed a petition for reclamation contending that the title to the merchandise remained in Roth pursuant to an agreement with Miske and that, therefore, the title never passed to the trustee in bankruptcy. The trustee filed an answer to the reclamation petition. A hearing was held before the Referee. The Referee made findings of fact and conclusions of law and entered an order directing the trustee to surrender the aforesaid items to Roth.

Thereafter the trustee in bankruptcy petitioned this court for review of the Referee's order.

The Referee found that the merchandise in question was delivered to the debtor, Walter Miske, Jr., on a "memo basis" upon the express understanding, entered into in good faith and openly, that title to such merchandise was to remain in the petitioner, Roth, and that in the event any of such merchandise was sold, the proceeds of such sale would belong to Roth.

The Referee's conclusions of law included a determination that the debtor, Miske, acting either individually or through his attorney and agent, Jack Goodsitt, was a debtor in possession and, as such, acted as an officer of the Bankruptcy Court and under the Court's control.

This conclusion of law, upon the correctness of which the Referee's order must stand or fall, can be sustained only if the arrangement or order confirming the arrangement continued Walter Miske, Jr. as a debtor in possession beyond the confirmation.

Title 11 U.S.C.A. § 110, sub. i (§ 70, sub. i, Bankruptcy Act) provides as follows:

"Upon the confirmation of an arrangement or plan, or at such later time as may be provided by the arrangement or plan, or in the order confirming the arrangement or plan, the title to the property dealt with shall revest in the bankrupt or debtor, or vest in such other person as may be provided by the arrangement or plan or in the order confirming the arrangement or plan."

Thus, from the express words of the statute, upon confirmation Miske was no longer an officer of the court unless the arrangement so provided.

The confirmed arrangement did provide:

"1. Petitioner to remain in possession and control of business, and is to be allowed limited credit in time and amount by creditors subject to periodic audit and approval of the Court.

"4. Federal Court to retain jurisdiction until plan is fully executed or for such reasonable time as is necessary for the petitioner to demonstrate that the plan will be successfully executed."

It is the opinion of the court that provision one (1) above did not continue Walter Miske, Jr. as a debtor in possession having the title and powers of a trustee, but such provision merely restricted Miske in the credit he might obtain.

From this limitation is not to be inferred that the debtor was made an officer of the court endowed with the powers and duties of such officer as provided by the Bankruptcy Act.

The provisions of paragraph four of the arrangement do not mean that the court, after confirmation of the arrangement, continues to have all the jurisdiction it possessed prior to confirmation. Jurisdiction of the court is retained under 11 U.S.C.A. § 768 (§ 368 Bankruptcy Act). If jurisdiction is not retained and the debtor defaults in its plan, the creditor cannot petition the court for any further relief. If jurisdiction is retained, then under 11 U.S.C.A. § 777 the creditors can petition the court, either for an order adjudicating the debtor a bankrupt, or for an order dismissing the proceedings.

It is the opinion of the court that the provisions of paragraph four of the arrangement, providing for the retention of jurisdiction, are not to be construed as continuing Walter Miske, Jr. as a debtor in possession or a trustee or that the property of Miske was in custodia legis from the time of the confirmation of the arrangement to the time of his adjudication as a bankrupt.

Therefore, the agreement to deliver the merchandise in question on a "memo basis" was an agreement between Roth and Miske, as an individual.

The contention of Roth that the merchandise in question was not delivered under a consignment agreement cannot be sustained. The Wisconsin Statutes, 1955, § 241.26, provide as follows:

"(1) Whenever goods, wares or merchandise are consigned and delivered to any person for the purpose of sale or merchandising, and the title thereto remains conditionally or unconditionally in the consignor the consignment agreement shall be in writing and filed in accordance with the provisions of sections 122.06, 122.11 and 122.14.

"(2) If a consignment agreement is not so made and filed, the title to any such goods, wares or merchandise shall be deemed to be in the consignee as to purchasers thereof and creditors of such consignee."

Here, the merchandise was delivered for the purposes of demonstration, merchandising and sale, with title to remain in Roth. Although the parties to the transaction choose to call the agreement one on a "memo basis", under section 241.26 it was a consignment. In re Clark Supply Co., 7 Cir., 1949, 172 F.2d 363. Inasmuch as the consignment was unfiled, as to any creditors of the consignee, title is deemed to be in the consignee.

The order of the Referee is reversed and the case is remanded for further proceedings in conformity with this opinion.