**In the Matter of ALFRAN CORPORATION, Debtor.**

**PARK ISLES, INC., Plaintiff,**

**v.**

**ALFRAN CORPORATION, Defendant.**

**Bankruptcy No. 79–859 T.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Dec. 14, 1982.

Levine, Freedman, Hirsch & Levinson, Tampa, Fla., for plaintiff.

Harley Riedel, Tampa, Fla., for defendant.

ORDER ON MOTION TO STRIKE SECOND AFFIRMATIVE DEFENSE AND ORDER ON MOTION RE-QUESTING COURT TO RELIN-QUISH JURISDICTION

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a pre-Code Chapter XI case and the matter under consideration involves two motions both filed by Park Isles, Inc. (Park Isles), the Plaintiff who instituted this adversary proceeding. The complaint contains two counts:

In Count I, Park Isles seeks an order evicting Alfran Corporation (Alfran) from the premises owned by Park Isles which Alfran currently occupies. It also seeks a money judgment for attorney fees and costs. In Count II, Park Isles seeks money damages for past due rent plus attorney fees and costs.

In due course, Alfran filed its answer which basically sets forth some admissions and some denials. In addition, Alfran also pleaded two Affirmative Defenses. In the first, Alfran claims a waiver and also asserts the defense of estoppel. The defense of estoppel is based on an alleged violation of a certain covenant by Park Isles in the lease relating to the erection of a large sign. In the second, Alfran claims a right to a set-off of a claim of its own against any claims Park Isles might have against it.

In due course, the parties filed their trial statement. The pre-trial conference was concluded and the matter was set for trial to commence on October 25, 1982. Pursuant to the Order entered at the pre-trial conference, the parties undertook extensive discovery and it appeared that the matter was ripe for resolution when on October 22, 1982, or three days before the scheduled trial date, Park Isles filed the Motions under consideration. The first relates to the request by Park Isles that this Court should relinquish jurisdiction of this controversy; the second relates to the Second Affirmative Defense asserted by Alfran, i.e. the defense of off-set, which Park Isles seeks to have stricken.

On the date of the trial, October 25, 1982, Alfran filed a Motion to Amend Answer. At the scheduled trial date the Court considered the two Motions filed by Park Isles and on October 27, 1982, entered an order continuing the trial pending the resolution of the issues raised by the Motions of Park Isles.

In order to put the matter under consideration into proper focus, a brief recitation of certain matters as they appear from the record is helpful.

On November 1, 1979, Alfran filed its Plan of Arrangement which provided, inter alia, "that the Court shall retain jurisdiction for the purposes provided for in § 387 of

the Bankruptcy Act and pursuant to § 368 of the Bankruptcy Act." In due course the Plan was accepted by the requisite majority of creditors in number and in amount, and on December 8, 1981 this Court entered an Order and confirmed the Plan. Notwithstanding the provision in the Plan dealing with retention of jurisdiction, the Order of Confirmation found it appropriate to retain jurisdiction to resolve any disputes that might arise between Alfran and its landlord, Park Isles. Accordingly, the order of confirmation provided that the Court retain jurisdiction to resolve any disputes which might arise between the landlord and the Debtor for two years from the date of the order of confirmation.

During the pendency of the arrangement proceeding, there was an adversary proceeding commenced by Alfran in which Alfran sought declaratory relief concerning the validity and the continuing effectiveness of a certain lease between Alfran and Park Isles. Although that adversary proceeding was concluded in favor of Alfran, apparently it did not resolve all issues between the parties, hence the institution of this adversary proceeding.

The record fails to disclose the entry of a final decree. Thus, this Court theoretically still has jurisdiction over the entire case, subject of course, to the specific limitations of the Bankruptcy Act relating to the retention of the jurisdiction. This is the crux of the present controversy and calls for interpretation of certain inter-relating provisions of the Bankruptcy Act, i.e.: §§ 57(d), 368, 369 and 387.

It is the contention of Park Isles that in the absence of a specific provision for retention of jurisdiction for a specific purpose in the plan of arrangement, the Court has no power to entertain any other matters and if a plan of arrangement does not provide for continuing jurisdiction and the Court finds the plan to be feasible and in the best interest of creditors and proposed in good faith, the Court must approve the Plan without retention of jurisdiction, citing In re: Patton Manufacturing Company, 413 F.2d 1258 (6th Cir.1969). In the present

instance, it is without dispute that the Plan did not provide for the retention of jurisdiction for the purpose of considering the resolution of any dispute which may arise between Alfran and Park Isles, but that in spite of the absence of such a provision in the Plan, the Order of Confirmation did specifically provide for the retention of jurisdiction for this purpose.

On the other hand, Alfran contends first that Park Isles has no standing to challenge jurisdiction because it was Park Isles itself who invoked the jurisdiction of this Court in the first instance by filing this complaint. Therefore, it should not now be permitted to challenge the jurisdiction of this Court which admittedly has subject matter jurisdiction. In addition it is the contention of Alfran that this jurisdictional challenge is late in light of the fact that this case was fully prepared and ready for trial when the motions under consideration were filed three days before the trial date. Alfran also contends, as a matter of procedural defect, that the automatic stay imposed by Bankruptcy Rule 11–44 is still in full force and effect and Park Isles cannot obtain relief from the stay by motion but only by filing a complaint.

Considering the respective contentions of the parties, this Court is of the opinion that both Motions are without merit and should be denied for the following reasons:

First, it is true that *Patton Manufacturing, supra,* at first blush appears to furnish persuasive authority for the proposition urged by Park Isles. However, contrary to the contention of the counsel for Park Isles, *Patton Manufacturing, supra* did not overrule the case of *Ohio Builders & Milling,* 128 F.2d 165 (6th Cir.1942) in which the Sixth Circuit Court of Appeals held that the provisions of the Bankruptcy Act dealing with arrangements contemplate that the retention of jurisdiction, either general or limited, may be stated in the arrangement plan, or in the alternative in the order confirming the plan. The Sixth Circuit expressly stated in *Patton Manufacturing, supra* that notwithstanding certain criticism of the language of *Ohio Builders, supra,* the Court

was bound by its ruling set forth in *Ohio Builders* and, therefore, expressly refused to overrule the holding of *Ohio Builders.* Even assuming, but not admitting, that this Court should not follow *Ohio Builders, supra,* but should adopt the holding in *Patton Manufacturing, supra,* it is clear that since no final decree has been entered, the Debtor would have a right to seek a modification of the plan and insert a retention provision in the plan of arrangement without any difficulty. It is equally clear that the Debtor still can file objections to any claims including a potential claim of Park Isles and this Court has jurisdiction to consider allowance or disallowance of claims, specifically the claim set forth in Count II of the complaint. § 361 of the Bankruptcy Act.

Lastly, it is clear that it ill behooves this Plaintiff to seek an abstention and dismissal now when it was itself who originally invoked the jurisdiction of this Court and sought the relief in this Court.

This leaves for consideration the Motion to Strike Second Affirmative Defense. The Court considered the Motion and the arguments of counsel and is satisfied that it is without merit and should be denied.

In accordance with the foregoing, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Strike Second Affirmative Defense be, and the same hereby is, denied. It is further

ORDERED, ADJUDGED AND DECREED that the Motion Requesting the Court to Relinquish Jurisdiction be, and the same hereby is, denied.