EXTEN ASSOCIATES, INC., et al., Appellants,

v.

SUNDOWNER JOINT VENTURE, et al., Appellees.

EXTEN ASSOCIATES, INC., et al., Appellants,

v.

SUNDOWNER JOINT VENTURE, et al., Appellees.

Civ. Nos. T–78–2096, T–79–233.

United States District Court, D. Maryland.

June 29, 1982.

James Robert Miller, Rockville, Md., for appellants.

Dale A. Cooter, Washington, D.C., for appellees.

THOMSEN, Senior District Judge.

This consolidated appeal by Exten Associates, Inc. (EAI) is from two orders issued by Bankruptcy Judge Kaiser in related Chapter XI proceedings: *In re Exten Associates, Inc.*, No. 74–00351–K, *In re Mary Ellen Exten*, No. 74–00353–K, and *In re Gerald M. Exten*, No. 74–00359–K. The two orders appealed from are:

1) Order dated 9 August 1978 "removing Lance Billingsley as mortgagee and as trustee for the benefit of general unsecured creditors and substituting in his place Dale A. Cooter as representative of National Mortgage Corporation and Gerald S. Klein as representative of Sundowner Joint Venture"; and

2) Order dated 29 December 1978 Adjudicating EAI a Bankrupt.

Both orders were the result of motions brought by Sundowner Joint Venture (Sundowner) and National Mortgage Corporation (National), two unsecured creditors of EAI. The 9 August 1978 order was entered in all three Chapter XI proceedings; the 29 December 1978 order refers on its face only to *In re Exten Associates, Inc.*, No. 74–00351–K.[1] For the reasons set out below, the 29 December 1978 order and the decision of this court herein affirming that order render moot the 9 August 1978 order.

The appeal was originally assigned to Judge Blair, who died 20 April 1980. After Judge Blair's death, the case was assigned to another judge of this court, and in March 1982, reassigned to this judge. The appeal has been fully briefed, and oral argument was heard on 9 June 1982.

The three Exten proceedings in the Bankruptcy Court began on 1 July 1974 when EAI, Gerald M. Exten and Mary Ellen Exten each filed a petition for an arrangement pursuant to Chapter XI of the Bankruptcy Act of 1898 (the Act), 11 U.S.C. §§ 701–799 (1976).[2] In January 1975, the debtors filed a plan of arrangement (original plan), and in March 1975, EAI filed a modified plan of arrangement (modified plan).

The modified plan changed the original plan in two material respects. Under the original plan, the unsecured creditors, including National and Sundowner, were to receive $360,000 in deferred payments as settlement and satisfaction of the debts owed them by the debtors. Under the modified plan, the same unsecured creditors were to receive $50,000 in cash within thirty days of confirmation, and a mortgage on EAI's real property known as Murray's Topside Restaurant and Marina, located in Oceanview, Delaware, in the principal amount of $500,000, with interest at 7% per annum. Yearly interest payments of $35,000 were to be made to said unsecured creditors, including National and Sundowner, beginning 11 July 1976. The interest payments were to continue for 10 years, at which time the entire $500,000 principal amount would become due. The modified

---

1. On July 15, 1981, Judge Lebowitz issued orders adjudicating Mary Ellen Exten and Gerald M. Exten bankrupts. Those orders have been appealed to this court, see *Mary Ellen Exten v. National Mortgage Corporation*, No. T–81–2515, and *Gerald M. Exten v. National Mortgage Corporation*, No. T–81–2516, and will be decided in the near future.

2. This case is governed by the 1898 Act as it stood prior to the adoption of the Bankruptcy Reform Act of 1978, Pub.L. No. 95–598, 92 Stat. 2683 (1978). Section 403(a) of the Reform Act provides that cases arising under the 1898 Act "shall be governed by the law applicable to such case, matter or proceeding as if the [reform] Act had not been enacted."

plan provided that "[t]he mortgage and other documents shall name Lance Billingsley, Esquire as Trustee for the benefit of unsecured creditors, their disbursing agent, and he shall receive and make distributions of the annual cash payments . . . ."

Article V of the original plan provided that:

> The Court shall retain jurisdiction until *confirmation* of the Plan of Arrangement, and thereafter shall retain jurisdiction for:
>
> (a) the purposes specified in section 369 of the Bankruptcy Act;
>
> (b) the granting of allowances in the proceeding;
>
> (c) the disposition of all matters arising from claims of preferences, validity of claims of alleged secured Creditors, ratification of sales made by the debtor to implement its Plan of Reorganization. (emphasis added).

Under the modified plan, the court retained jurisdiction "until *consumation* (sic)" of the plan and for the purposes specified in paragraphs (a), (b) and (c), quoted above (emphasis supplied).

On 11 July 1975, Judge Kaiser entered an order confirming the modified plan. That order provided in pertinent part:

> D. This Court shall retain jurisdication (sic) over pending matters and pursuant to Section 369 of the Act.

The $50,000 cash payment was made and distributed to the creditors. None of the $35,000 interest payments has been made. A mortgage was executed in April 1977, almost two years after confirmation of the modified plan.[3] The modified plan called for a mortgage on the EAI's marina and restaurant property. However, the mortgage executed in April 1977 covered only the marina property; without obtaining any order from the court, in June 1976 EAI had transferred the restaurant property to GAC Limited Partnership, a limited partnership consisting of Gary Goldstein (who along with the law firm of Schimmel & Tatelbaum P.A., of which he was a member, had been and were still attorneys of record for EAI), Charles Tatelbaum, (who was a member of Schimmel & Tatelbaum, P.A.), Alvin Pomerantz (who had lent money to EAI during the Chapter XI proceedings) and Gerald M. Exten as limited partners. Gerald M. Exten was also named as the partnership's sole general partner.[4]

In July 1978, Sundowner and National filed with Judge Kaiser an application for removal of Lance Billingsley, Esq., as trustee under the mortgage. National and Sundowner also moved that a Creditor's committee be appointed. After a hearing, Judge Kaiser entered an order dated 2 August 1978 substituting Gerald S. Klein, Esq. and Dale A. Cooter, Esq. for Lance Billingsley, Esq. as trustees under the mortgage and directed the debtors "to promptly execute a mortgage conforming to the plan of arrangement." That order is one of the subjects of this appeal.

On 28 August 1978, Sundowner and National filed a Motion pursuant to Bankruptcy Rule 11–42(b)(5), which is set out in the margin,[5] for Revocation of Confirmation of

---

**3.** The modified plan did not give a date by which the mortgage had to be executed.

**4.** In April 1979, the Trustee sought to regain the restaurant through an action filed in the Circuit Court of Baltimore City. That case is still pending.

On February 4, 1980, the restaurant was totally destroyed by fire. The property was insured against loss by fire in the amount of $575,000.00. GAC Limited Partnership was loss payee under the policy. The Trustee of EAI, bankrupt sought and obtained in the bankruptcy court a preliminary injunction that, *inter alia,* barred GAC Partnership Limited from paying out the insurance proceeds prior to a determination as to whom the proceeds properly belong. An appeal from the order granting the preliminary injunction is pending before this court, see *Klein v. Topside Corp. and GAC Limited Partnership,* No. 80–943, and will be decided in the near future.

**5.** Rule 11–42(b)(5)(A) provides:

"The court shall enter an order, after hearing on such notice as it may direct dismissing the case, or adjudicating the debtor a bankrupt if he has not been previously adjudged, or directing that the bankruptcy case proceed, whichever may be in the best interest of the estate: * * *

Modified Plan of Arrangement and Conversion to Bankruptcy. The basis for that motion was that EAI and the individual Extens had failed to make the required annual $35,000 interest payments to National and Sundowner, and had thereby defaulted in a term of the arrangement.[6] EAI filed a Motion to Dismiss said motion of National and Sundowner. EAI's motion was denied by Judge Kaiser after hearing. EAI then filed a Motion for Judgment on Pleadings, which also was denied by Judge Kaiser after hearing.

On 29 December 1978, Judge Kaiser issued an Order Adjudicating Debtor [EAI] a Bankrupt. That order is the other subject of this appeal. By converting the EAI Chapter XI proceeding to one in bankruptcy, the 29 December 1978 order renders moot Judge Kaiser's Order of 9 August 1978 Substituting Gerald Klein, Esq. and Dale A. Cooter, Esq. for Lance Billingsley, Esq. as Trustees under the Mortgage. Accordingly, the remainder of this opinion addresses EAI's arguments as they apply to the 29 December 1978 order.

EAI contends that the bankruptcy court did not retain jurisdiction to adjudicate EAI a bankrupt after confirmation of the Modified Plan, and therefore, that Judge Kaiser's Order adjudicating it a bankrupt must be reversed. EAI makes essentially two arguments. First, it argues that where the plan of arrangement and the order confirming such plan conflict or are in some manner inconsistent, the order should control. Second, it argues that Judge Kaiser did not intend to retain jurisdiction after confirmation and did not believe that he had retained jurisdiction. With respect to the latter argument, EAI relies on a letter dated 15 February 1977 from Judge Kaiser to Dale A. Cooter, attorney for appellees herein. That letter (written in response to an

(5) *where the court has retained jurisdiction after confirmation of a plan:*
  (A) if the debtor defaults in any of the terms of the plan.... (emphasis added).

**6.** Sundowner and National allege that at that time they were unaware that the mortgage did not cover the restaurant property, see note 4, above, and the accompanying text.

application, which was never docketed, of appellees to have a receiver appointed over EAI's assets) stated:

> The order confirming the plan in Exten Associates, Inc. provides that the court retains jurisdiction over pending matters and for the purposes of Section 369. I do not believe that the court has jurisdiction to appoint a receiver at this time.

EAI also argues that construction of both the order and the modified plan reveals that Judge Kaiser did not intend to retain jurisdiction after confirmation and that Judge Kaiser would not have retained jurisdiction until consummation of the plan because the mortgage provided for payments to the creditors over a period of at least ten years.

■ Both of EAI's arguments fail. Section 368 of the Act provides that the "court *shall* retain jurisdiction if so provided in the *arrangement*". 11 U.S.C. § 768 (1976) (emphasis added). EAI advances no argument why this court should not rely on the literal language of that section. The modified plan expressly provides that the court "shall retain jurisdiction until consumation (sic)" of the modified plan. Moreover, in cases where the plan of arrangement and the order confirming that plan conflict on the question of retention of jurisdiction after confirmation, the courts have held that the plan controls.[7] *In re Patton Manufacturing Co.,* 413 F.2d 1258, 1261 (6 Cir.), *cert. denied,* 396 U.S. 1004, 90 S.Ct. 555, 24 L.Ed.2d 496 (1969); *Texas Consumers Finance Corp. v. First National City Bank,* 365 F.Supp. 427, 429 & n. 2 (S.D.N.Y.1973); see also *Law Research Services, Inc. v. Crook,* 524 F.2d 301, 313 (2 Cir.1975); *Borgenicht v. Creditors' Committee,* 479 F.2d 150, 152 (2 Cir.1977); *In re Oceana International, Inc.,* 376 F.Supp. 956, 959 (S.D.N.Y.1974); 9 Collier on Bankruptcy ¶ 8.12, at 192–93 & n. 3, ¶ 9.29[1], at 374–75 (14th ed. 1978).

**7.** Section 357(7) of the Act permits a plan to include "provisions for retention of jurisdiction by the court until provisions of the arrangement, after its confirmation, have been performed." Collier notes that § 368 must be read in conjunction with § 357(7). 9 Collier on Bankruptcy ¶ 9.29[1], at p. 374 (14th ed. 1978).

If the plan of arrangement provides for the retention of jurisdiction by the court after confirmation of the plan, the bankruptcy judge must, if all conditions for approving the plan are met, approve the plan *with* retention of jurisdiction. The bankruptcy judge has no discretion not to retain jurisdiction if the plan provides for such jurisdiction. 11 U.S.C. § 768 ("the court *shall* retain jurisdiction if so provided in the arrangement") (emphasis added); 9 Collier on Bankruptcy ¶ 9.29[1], at 375 (14th ed. 1978). ("The court retains jurisdiction after confirmation if so provided in the plan; the court has no discretion as to such retention."). In the case now under consideration, EAI had modified the original plan of arrangement to provide that "the Court shall retain jurisdiction until consumation (sic)" of the plan.[8] Whether Judge Kaiser at one time believed or did not believe that the court retained jurisdiction after confirmation of the modified plan is immaterial.[9]

EAI also seeks reversal of the order adjudicating it a bankrupt on the grounds that "[b]y acceptance of the Plan of Arrangement, appellees and other unsecured creditors contractually limited the remedies available to them upon the Debtor's default to those conferred by the mortgage."[10] EAI argues that National and Sundowner elected to accept the mortgage and its terms in settlement and satisfaction of their claims; whatever remedies Sundowner and National have in case of default[11] must arise under that mortgage.

EAI cites no authority in support of that argument. Rather, it relies on the language of the mortgage, which states in pertinent part:

> PROVIDED, however, and it is expressly agreed, that if at any time default shall be made in the payment of any installment of principal and/or interest for the space of ninety (90) days after the same shall fall due, as aforesaid, then and in that event, the whole principal debt aforesaid, shall, at the option of the said Trustee, his Successors or Assigns, become due and payable immediately, and payment of said principal and all interest thereon may be enforced and recovered at once, anything herein contained to the contrary thereof notwithstanding, as by reference to the said recited Obligation and Condition thereof . . . .

Nothing in the above-quoted provision or in any other provision of the mortgage limits the remedies of National and Sundowner to those contained in the mortgage. Instead, the above-quoted paragraph creates an additional remedy, *viz,* foreclosure, in the event of debtor's default.

Furthermore, neither the modified plan nor the order confirming the modified plan indicates that the unsecured creditors are so limited. Indeed, the fact that the modified plan provides that the court will retain jurisdiction until consummation of the plan supports the conclusion that the unsecured creditors' remedies are not limited to those conferred by the mortgage. See 9 Collier on Bankruptcy ¶ 10.07[2], at p. 532 (14th ed. 1978) which indicates that if the plan does not provide for termination in the event a

---

8. Provision in a plan of arrangement for retention of jurisdiction by the court after confirmation of the plan is not all uncommon when the plan (as does the plan here) calls for deferred payments to the creditors. Hertzberg, *Chapter XI Arrangement Proceedings,* in Bankruptcy and Other Chapter Proceedings 233, 244 (1977). Indeed, such a provision "can be a two-edged sword . . . because the debtor can petition the court to modify the original plan, if it becomes impossible to perform." *Id.; cf. Borgenicht v. Creditors' Committee,* 479 F.2d at 151–53.

9. Although in his letter of 15 February 1977 to Dale Cooter, Esq., Judge Kaiser referred to the order confirming the plan and stated that he did not think the court had jurisdiction to appoint a receiver, Judge Kaiser stated in the 29 December 1978 order adjudicating EAI a bankrupt that it appeared to the "satisfaction of the Court that the debtor's *plan of arrangement* provides that the Court *shall* retain jurisdiction until provisions of the arrangement have been performed. . . ." (emphasis added).

10. See notes 4 and 6, above, and the accompanying text.

11. In the order adjudicating EAI a bankrupt, Judge Kaiser found that EAI had defaulted in the terms of the arrangement. EAI does not deny that such a default occurred.

payment by a third party is not made, creditors cannot obtain relief pursuant to Rule 11–42(b) but are relegated to remedies outside the Chapter XI case; on the other hand, even though the plan does not provide for termination in the event a payment by the *debtor* is not made, relief *is* still available under Rule 11–42(b).

■ EAI also claims that the order adjudicating EAI a bankrupt must be reversed because "[d]uring the period from November 7, 1978 until the entry of [that] Order, counsel for appellees initiated a number of *ex parte* communications with the Court. . . ." In its brief EAI alleges generally that such communications took place and the docket sheets indicate that EAI filed on 24 January 1979, a Motion for Disqualification of Judge Kaiser. However, there is nothing in the record that permits this court to determine that such communications did or did not take place or the subject of any that may have taken place. Indeed, EAI has not designated its Motion for Disqualification as part of the record on this appeal, and it appears that that Motion has never been ruled on below. Unless the record that an appellant brings before the reviewing court "affirmatively shows the occurrence of the matter upon which he relies for relief," appellant may not raise those matters on appeal. 13 Collier on Bankruptcy ¶ 806.04, at p. 8–65 (14th ed. 1977). The question whether *ex parte* communications took place, and if so their contents, is not properly before this court.

■ Finally, EAI argues that the 29 December 1978 order should be vacated and the case remanded because Judge Kaiser "failed to make findings of fact and state conclusions of law as required by Rule 752 of the Bankruptcy Rules of Procedure." Rule 752 provides in pertinent part:

(a) *Effect.* In all matters tried upon the facts without a jury, the court shall find the facts specially and state separately its conclusions of law thereon. . . . Findings of fact and conclusions of law are unnecessary on decisions of motions under these rules. . . .

It is unclear whether Rule 752 applies here.[12] However, the court need not decide that question. Even if Rule 752 applied in the instant case, remand would not be necessary. The purpose of Rule 752, as well as of Rule 52 of the Federal Rules of Civil Procedure of which Bankruptcy Rule 752 is an adaptation, is to ensure that the reviewing court is informed of the bases of the lower court's decision. *E.g., In re D.H. Overmeyer Co., Inc.,* 383 F.Supp. 21, 26–27 (S.D.N.Y.1974), *aff'd,* 510 F.2d 329, 333 (2 Cir.1975); *In re Bolton Hall Nursing Home,* 432 F.Supp. 528, 533 (D.Mass.1977); *see also In re Metropolitan Realty Corp.,* 433 F.2d 676, 679 (5 Cir.1970), *cert. denied,* 401 U.S. 1008, 91 S.Ct. 1251, 28 L.Ed.2d 544 (1971). For reasons stated in the next paragraph, this court is satisfied that it is sufficiently informed of the bases of Judge Kaiser's decision.

The essential elements of Rule 11–42(b)(5), the rule pursuant to which National and Sundowner moved to have EAI adjudicated a bankrupt, are that the court has retained jurisdiction after confirmation and that the debtor has defaulted in one of the terms of the arrangement. Section 368 of the Act provides that the court retains jurisdiction after confirmation if the plan so provides. In his order adjudicating EAI a bankrupt, Judge Kaiser concluded (correctly) that the plan did so provide and that EAI had defaulted in one of the terms of the arrangement. Judge Kaiser did not specify in his order the nature of the default, but it is clear from the record that the default referred to is EAI's failure to make any of the annual $35,000 interest payments, a fact which EAI does not dispute. Accordingly, remand is unnecessary

---

12. EAI concedes that the order adjudicating EAI a bankrupt was not the result of an "adversary proceeding," as that phrase is used in Rule 701, which states when the rules of Part VII, including Rule 752, shall govern a particular proceeding. EAI maintains, however, that the order adjudicating EAI a bankrupt was a "contested matter," as that phrase is used in Rule 914, which provides that Rule 752 shall apply in all such matters, but see *A. Musto Co., Inc. v. Satran,* 477 F.Supp. 1172, 1176 n. 10 (D.Mass.1979).

and would serve only to delay further resolution of the already lengthy proceedings below.

Accordingly, for the foregoing reasons, the Order of the Bankruptcy Court Adjudicating EAI a Bankrupt, dated 29 December 1978, be and it is hereby AFFIRMED.