**In re MICRO–ACOUSTICS CORP., Debtor.**

**No. 82 B 20245.**

United States District Court, S.D. New York.

May 29, 1985.

---

R. Mark Goodman, White Plains, N.Y., for Sanford Drelinger.

Reich & Reich, White Plains, N.Y., for debtor.

HOWARD SCHWARTZBERG, Bankruptcy Judge.

A creditor and former shareholder, Mr. Sanford Drelinger, has moved pursuant to

11 U.S.C. § 1112(b)(8) of the Bankruptcy Code to convert this confirmed Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code on the ground of a material default by the debtor, Micro-Acoustics Corp., with respect to the confirmed plan.

### FACTS

The facts are not disputed. The debtor filed with this court its voluntary petition for reorganizational relief under Chapter 11 of the Bankruptcy Code on April 27, 1982. The original plan of reorganization, which was filed on June 27, 1983, was amended on August 23, 1983. The amended plan of reorganization was confirmed by order of this court on November 9, 1983.

The debtor does not dispute the movant's assertion that the debtor has materially defaulted under the terms and conditions of the confirmed plan, in that it has:

(a) Discontinued all payments under the confirmed plan and has unequivocally repudiated its commitments to all creditors under the confirmed plan.

(b) Discontinued the operation of its business, closed its doors and abandoned any attempt at rehabilitation.

(c) Defaulted in its payments to Manufacturers Hanover Trust Company, a secured creditor under the confirmed plan.

(d) Additionally, the debtor's assets are about to be liquidated at auction.

The confirmed amended plan of reorganization provides in relevant part that after confirmation this court shall retain jurisdiction until the plan has been fully consummated, as reflected by the following language:

### JURISDICTION OF THE COURT

7.01 Subject to Section 5.02 of Article V, the Court shall retain jurisdiction until the Plan has been fully consummated, with respect to the following as if determined prior to the confirmation of the Plan:

\*    \*    \*    \*    \*    \*

D. The correction of any defect, the curing of any omission, or the reconciliation of any inconsistency in the Plan or the order of confirmation as may be necessary to carry on the purposes and intent of the plan.

E. The modification of the Plan after confirmation pursuant to the provisions of the Code and the Bankruptcy Rules.

F. *The enforcement* and interpretation *of the terms and conditions of the Plan and to determine all controversies arising thereunder.*

G. The entry of any order, including injunctions, necessary to enforce the title, rights and powers of the Debtor and to impose such limitations, restrictions, terms or conditions of such title, right and powers as the Court may deem necessary.

(Emphasis added).

The debtor contends that this court does not have the authority to convert this Chapter 11 case for liquidation under Chapter 7 of the Bankruptcy Code after the entry of the order of confirmation.

### DISCUSSION

The controlling statutory provision is 11 U.S.C. § 1112(b)(8) which provides:

(b) Except as provided in subsection (c) of this section, on request of a party in interest, and after notice and a hearing, the court may convert a case under this chapter to a case under chapter 7 of this title or may dismiss a case under this chapter, whichever is in the best interest of creditors and the estate, for cause, including—

\*    \*    \*    \*    \*    \*

(8) material default by the debtor with respect to a confirmed plan.

This provision is derived from former Bankruptcy Rule 11–42(b)(5) which declared:

(b) *Dismissal or Conversion to Bankruptcy for Want of Prosecution, Denial or Revocation of Confirmation, Default, or Termination of Plan.* The court shall enter an order, after hearing

on such notice as it may direct dismissing the case, or adjudicating the debtor a bankrupt if he has not been previously so adjudged, or directing that the bankruptcy case proceed, whichever may be in the best interest of the estate—

\*    \*    \*    \*    \*    \*

(5) where the court has retained jurisdiction after confirmation of a plan:

(A) if the debtor defaults in any of the terms of the plan; or

(B) if a plan terminates by reason of the happening of a condition specified therein.

The authority to adjudicate or dismiss a confirmed case under Chapter XI of the former Bankruptcy Act was premised on the condition stated in Section 377 of the former Act that "the court has retained jurisdiction after the confirmation of an arrangement and the debtor defaults in any of the terms thereof." Thus, former Section 377 and Rule 11–42(b)(5) only applied where the court retained jurisdiction after confirmation of the plan. If the debtor's plan did not make provision for such retention then the court did not have jurisdiction to apply former Section 377 or Rule 11–42(b)(5). *See* 9 Collier on Bankruptcy ¶ 10.07, at 531 (J. Moore 14th ed. 1978). "If jurisdiction is retained, then under 11 U.S.C.A. § 777 [Section 377 of the Act] the creditors can petition the court, either for an order adjudicating the debtor a bankrupt, or for an order dismissing the proceedings." *In re Miske*, 159 F.Supp. 677, 679 (E.D.Wisc.1958). *Accord Exten Associates v. Sundowner Joint Venture*, 24 B.R. 877, 881 (D.Md.1982).

Unlike former Section 377 and Rule 11–42(b)(5), 11 U.S.C. § 1112(b)(8) does not condition the court's authority to convert or dismiss a confirmed Chapter 11 case where the debtor has materially defaulted under the plan upon a showing that the plan provided for the court to retain jurisdiction after confirmation. The request of a party in interest, after notice and a hearing, is all that is required in order to trigger the court's discretionary power to convert or dismiss the confirmed case for cause, such as a material default under the plan. Although the confirmed plan in this case does contain a broad retention of jurisdiction with respect to post-confirmation matters, including: "[t]he enforcement ... of the terms and conditions of the Plan," such provision is unnecessary to support this court's authority to convert or dismiss this Chapter 11 case upon the conceded material default by the debtor with respect to the confirmed plan. *In re Telemark Management Co., Inc.*, 41 B.R. 501, 506–07 (Bkrtcy.W.D.Wisc.1984); *In re Blanton Smith Corp.*, 37 B.R. 300 (Bkrtcy.M.D.Tenn.1983).

In the instant case, the unsecured general creditors are entitled to determine whether or not the secured claims were validly perfected and whether or not there are any unencumbered assets available for distribution. A trustee in bankruptcy is required for the protection of the rights of all unsecured general creditors.

## CONCLUSIONS OF LAW

1. This court has jurisdiction to entertain a motion to convert this confirmed Chapter 11 case for cause under 11 U.S.C. § 1112(b)(8).

2. It is in the best interest of creditors and the estate that this case be converted for liquidation under Chapter 7 of the Bankruptcy Code.

3. The motion pursuant to 11 U.S.C. § 1112(b)(8) of the Bankruptcy Code to convert this confirmed Chapter 11 case to a case under Chapter 7 of the Bankruptcy Code is granted on the ground that the debtor has materially defaulted with respect to the confirmed plan.